UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | CIVIL ACTION NO. 3:18-CV-00534 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JACKEL INTERNATIONAL LTD., ET AL., | MAG. JUDGE PEREZ-MONTES |

### RULING

Pending before the Court is Plaintiff Luv n' care, Ltd.'s ("LNC" or "Plaintiff") "Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 in Connection with Defendants' Motion to Dismiss" [Doc. No. 129]. Mayborn Group Limited, Jackel International Limited[1], Mayborn USA, Inc., Jackel China, Ltd., Mayborn Anz Pty, Ltd., and Product Marketing Mayborn, Ltd (collectively "Defendants") responded to the motion. [Doc. No. 141]. Plaintiff filed a reply. [Doc. No. 146]. For the following reasons, the motion is GRANTED.

**I.  ALLEGED FACTS AND PROCEDURAL HISTORY**

Plaintiff is a Louisiana corporation with its place of business in Monroe, Louisiana. Plaintiff designs, manufactures, and sells baby products under the "Nuby" brand name. Defendants are also in the business of designing, manufacturing, marketing, and selling baby products. Defendants sell their own products under the brand name Tommee Tippee.

Defendants filed their Motion to Dismiss on March 24, 2020. [Doc. No. #111]. Plaintiff moves for judicial notice of documents that it contends are a matter of public record and establishes that the materials satisfy the requirements for judicial notice under Fed. R. Evid. 201.

---

[1] The record before the Court indicates that Jackel International Limited has changed its name to Mayborn (UK) Limited. A Motion to Change Case Caption [Doc. No. 117] is pending.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 201 permits a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1) and (2). Namely, the movant must identify the fact to be noticed, the purpose and relevance of that fact, and "the source of 'indisputable accuracy'" for a fact that can be "accurately and readily determined" under Rule 201(b)(2). *Mascitti v. Quarterman,* No. C-09-093, 2009 U.S. Dist. LEXIS 112134, at *3 (S.D. Tex. Dec. 3, 2009) (quoting 21B Charles Alan Wright & Kenneth Graham, FEDERAL PRACTICE AND PROCEDURE § 5107.1 (2d ed. 2005)).

"[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see also Funk v. Stryker Corp.*, 631 F. 3d 777, 783 (5th Cir. 2011) (holding that the court could take judicial notice of a relevant FDA publication). For example, a court may "take judicial notice of the public records in . . . prior state court proceedings." *Stiel v. Heritage Numismatic Auctions, Inc.,* 816 F. App'x 888, 892 (5th Cir. 2020) (citation omitted). The Court may also properly take judicial notice of "the fact that a judicial action was taken[.]" *Gray v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)). The Court may also judicially notice prior court documents to establish the fact of the previous litigation and the related filings. *Ferguson v. Extraco Mortg. Co.*, 264 Fed. Appx. 351, 352 (5th Cir. 2007) (citing *Taylor*, 162 F.3d at 830) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings") (internal quotations omitted). Finally, the court can similarly accept the "occurrences and positions taken in [a prior action] for judicial estoppel purposes . . . ." *Reneker*

*v. Offill*, Civil Action No. 3:08-CV-1394-D, 2012 U.S. Dist. LEXIS 83017, at *49 (N.D. Tex. June 14, 2012).

Plaintiff moves the Court to take judicial notice of certain materials referred to in its Amended Complaint [Doc. No. 78], which it contends are highly relevant to its claims. [Doc. No. 129-1 at 5]. Plaintiff argues that these materials are referenced in or attached to LNC's Opposition to the Motion to Dismiss, and include (1) a printout from a government website, (2) pleadings, briefs, evidence, and transcripts in the record in this case, and (3) pleadings, briefs, and transcripts in the record of the related Louisiana state court case decided in 2013 involving the same parties and the same agreements (the "State Court Action"). *Id.* Plaintiff contends that the Court "must" take judicial notice of these documents pursuant to Rule 201 of the Federal Rules of Evidence because it has provided the necessary information. *Id.*

Defendants respond that they agree that the Court may take judicial notice of the documents subject to Plaintiff's judicial notice motion, but only for purposes of establishing that the documents exist and that they say what they say. [Doc. No. 141 at 6-7]. Defendants argue that the Court should not judicially notice the truth of any statement within the documents or the merits of Plaintiff's legal arguments. *Id.* at 7-9. Defendants also contend that Plaintiff cannot use judicial notice to supplement its amended complaint under Fifth Circuit Law. *Id.* at 9-10.

Plaintiff replies that there appears to be little disagreement as to the propriety of its motion. [Doc. No. 146 at 1-2]. Plaintiff further argues that the February 18, 2020 printout from the United States Patent and Trademark Office's Trademark Electronic Search Service sets out disputed material facts that weigh against granting the motion to dismiss. *Id.* at 2. Plaintiff also argues that, not only should the Court take judicial notice of the pleadings, exhibits, and proceedings and their subject matters, but they shall be treated as if raised in the pleadings. *Id.* at 3-4. Finally, Plaintiff argues that the Court may take judicial notice of these documents from

the State Court Action that are relevant to Defendants' positions with respect to: (1) the applicability of the 2003 Agreement; (2) collateral estoppel that forecloses Defendant's argument; (3) the meaning of the terms in the 2003 and 2008 Agreements; and (4) that Defendants' conduct violates Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"). *Id.* at 4.

The parties agree that a court may take judicial notice of certain matters when considering a motion to dismiss. [Doc. No. 141 at 1-2; Doc. No. 146 at 1-2]. The parties further agree that the Court may take judicial notice of the documents subject to Plaintiff's motion. *Id.* The parties also agree that judicial notice need not be taken for the truth of the matter asserted, but "instead for the purpose of collateral estoppel, to establish judicial admissions, and to support LNC's LUTPA claims." *Id.* Accordingly, per the parties' agreement, the Court takes judicial notice of the following:

> (1) a February 18, 2020 printout from the United States Patent and Trademark Office's Trademark Electronic Search Service (Dkt. #63, Exhibit 47)[2];
>
> (2) Plaintiff's Sanction Hearing Exhibits, Dkt. #63; Transcript of Sanctions Hearing Dkt. #69; LNC's post-hearing brief (Dkt. # 74); Defendants' Response to LNC's Motion to Remand (Dkt. #23); Defendants' Memorandum in Support of their First Motion for Sanctions (Dkt. #28-2);
>
> (3) Defendants' Response to LNC's Declinatory Exception to Jackel's Reconventional Demand, (S. Ct. Rec. Vol. 3 of 25, 601-605); Stipulated and Proposed Jury Instructions submitted in the State Court Action, Exh. 50 (Defendants' Proposed Jury Instruction No. 8); Defendants' counsel's opening statement at trial, Exh. 52; Final instructions to the jury at trial, Exh. 51; Defendants' First Brief in Opposition to LNC's Request for a Permanent Injunction, Exh. 53; Defendants' Second Brief in Opposition to LNC's Request for a Permanent Injunction, Exh. 53; Reasons for Judgment on the Preliminary Injunction, (Exhibit P-10), Dkt. #63-2; Defendants' Reconventional Demands,

---

[2] Plaintiff argues that it would like a "government website" printout judicially noticed but does not cite an exhibit. The Court assumes that Plaintiff is referring to Doc. No. 63, Exhibit 47, which is the document Plaintiff cites in its judicial notice section of its Opposition to Defendants' Motion to Dismiss. *See* Doc. No. 134 at 27 n.77 (citing a TESS website capture that lists Plaintiff's current counsel as the correspondence address).

> Exh. 48; Defendants' Answer to LNC's First Amended Petition, (S. Ct. Rec. Vol. 2 of 25, at 350-355), Exh. 46; First Settlement Agreement, (Exhibit P-11), Dkt. #69, p. 97:7-98:4; Trial excerpts Exh. 52; Transcript of Contempt Hearing, Exh. 55.

To be clear, the Court is not taking notice of the truthfulness of the underlying facts. Instead, the Court is only taking notice that the identified documents exist and that they say what they say. *Taylor*, 162 F.3d at 830 n.18 ("[W]e have difficulty conceiving of an adjudicative fact found in a court record that is not subject of reasonable dispute and, therefore, of which a court could take judicial notice.").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 In Connection with Defendants' Motion to Dismiss" [Doc. No. 129] is GRANTED.

MONROE, LOUISIANA, this 23rd day of November, 2020.

							_____
							TERRY A. DOUGHTY
							UNITED STATES DISTRICT JUDGE