UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUV N' CARE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>MAYBORN GROUP LIMITED, JACKEL INTERNATIONAL LIMITED, MAYBORN USA, INC., JACKEL CHINA, LTD., MAYBORN ANZ PTY, LTD., AND PRODUCT MARKETING MAYBORN, LTD.<br><br>Defendants[1]. | CASE NO. 3:18-cv-00534<br><br>JUDGE TERRY A. DOUGHTY<br>MAGISTRATE JUDGE PEREZ-MONTES |

**ANSWER AND COUNTERCLAIM TO LNC'S AMENDED COMPLAINT**

Defendants Mayborn Group Limited, Mayborn (UK) Limited, Mayborn USA, Inc., Jackel China, Ltd., Mayborn ANZ Pty, Ltd., and Product Marketing Mayborn, Ltd. (collectively "Mayborn" or "Defendants") hereby respond to Luv N' Care, Ltd.'s ("LNC" or "Plaintiff") Amended Complaint as follows:

**Introductory Paragraph**

Defendants admit that this action purports to present a claim for breach of contract and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPA), but deny that Defendants breached any contract or violated LUTPA, and also deny that LNC has been damaged in any way. Defendants admit that LNC and Jackel International, Ltd. entered into a

[1] Jackel International Limited changed its name to Mayborn (UK) Limited and a Motion to Change Case Caption (Dkt. 117) is pending.

distribution agreement dated April 17, 2003 and a second distribution agreement dated April 17, 2008, which canceled and superseded the first agreement. Defendants admit that on May 24, 2010 LNC filed an action against Jackel International, Ltd. in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana ("*LNC I*") for breach of the 2008 Distribution Agreement and for violations of LUTPA that was later amended to add the 2003 Distribution Agreement and additional parties. *LNC I* was tried to a jury who found Jackel International, Ltd. breached the Distribution Agreements with respect to certain soft-top spouted cups, flip-it cups, and center straw cups, and that Jackel International, Ltd., Product Marketing Mayborn Ltd., and Mayborn USA, Inc. violated LUTPA, and that Mayborn Group Limited, Product Marketing Mayborn Ltd., Mayborn USA, Inc., Jackel China Limited, and Mayborn ANZ Pty Ltd. constitute a single business enterprise for purposes of that case. A final judgment was entered by the court and thereafter the parties entered into a settlement agreement to resolve *LNC I* on November 12, 2013. Defendants admit that in 2014, LNC filed an action in the United States District Court for the Eastern District of Texas ("*LNC III*") against Jackel International, Ltd. and Mayborn USA, Inc. for breach of contract, violation of LUTPA, and patent infringement. The court subsequently dismissed LNC's breach of contract and LUTPA claims based on *res judicata*. The parties thereafter entered into a settlement agreement to resolve *LNC III* on or about December 17, 2015. Defendants deny the remaining assertions in the unnumbered introductory paragraph.

**The Parties**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Amended Complaint, and therefore deny such allegations.

2. On October 2, 2018 Jackel International, Ltd. changed its name to Mayborn (UK) Limited and a Motion to Change Case Caption (Dkt. 117) is pending. Mayborn (UK) Limited is a corporation organized under the laws of England with a principal place of business at Balliol Business Park, Benton Lane, Newcastle upon Tyne, United Kingdom, NE12 8EW. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

3. Mayborn USA, Inc. is a corporation organized under the laws of the State of New York with a principal place of business at 1010 Washington Boulevard, 11th Floor, Stamford, Connecticut 06901. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

4. Jackel China Limited is a company incorporated in Hong Kong with a principal place of business at Room 25-122, 26/F, Two Harbour Square, 180 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

5. Admitted.

6. Product Marketing Mayborn Limited is a company incorporated in Hong Kong with a principal place of business at Room 25-122, 26/F, Two Harbour Square, 180 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

7. Mayborn Group Limited is a corporation organized under the laws of England with a principal place of business at Balliol Business Park, Benton Lane, Newcastle upon Tyne, United Kingdom, NE12 8EW. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

**Nature of the Action, Jurisdiction, and Venue**

8. Defendants admit that this is a civil action based on diversity of citizenship and that the Plaintiff is seeking damages for breach of contract and violations of the Louisiana Unfair Trade Practices and Consumer Protection Law. Otherwise denied.

9. Defendants admit that the parties are citizens of different states and that one or more Defendant is a citizen or subject of a foreign state. Otherwise denied.

10. Defendants admit that this Court has personal jurisdiction over the Defendants for purposes of this civil action but show that the agreements are the best and only proof of their respective content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

11. Defendants admit that venue in this Court is proper for purposes of this civil action but show that the agreements are the best and only proof of their respective content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

**Facts**

12. Defendants admit that a distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2003, and that another distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2008, but show that the written documents are the best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

13. Defendants admit that LNC sells products for babies and small children and deny the remaining allegations contained in this paragraph of the Amended Complaint.

14. Defendants admit that LNC sells products for babies and small children and deny the remaining allegations contained in this paragraph of the Amended Complaint.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendants admit that a distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2003, and that another distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2008, but show that the written documents are the best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

20. Defendants admit that a distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2003, and that another distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2008, but show that the written documents are the best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

21. Defendants admit that a distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2003, and that another distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2008, but show that the written documents are the

best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

22. Denied.

23. Defendants admit that LNC filed an action on May 24, 2010 in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, *styled Luv n' care, Ltd. v. Jackel International Limited*, Civil Action No. 2010-1891 (*LNC I*) alleging claims for breach of contract and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.

24. Defendants admit that LNC amended its petition in *LNC I* on March 11, 2011, to add a claim for breach of the 2003 Distribution Agreement, and filed a Second Supplemental and Amended Petition in *LNC I* on February 29, 2012, adding Product Marketing Mayborn, Ltd., Mayborn Group Limited, Mayborn USA, Inc., Mayborn ANZ Pty Ltd, and Jackel China Ltd as defendants. All remaining allegations in this paragraph of the Amended Complaint are denied.

25. Defendants admit that in *LNC I*, LNC withdrew and then attempted to reintroduce claims relating to a line of cups referred to internally as having the Penguin valve. LNC had been aware of the Penguin valve products since the filing of *LNC I* and the court rejected LNC's attempt to amend the case with additional products shortly before trial. Defendants deny the remaining allegations contained in this paragraph of the Amended Complaint.

26. Admitted.

27. Defendants admit that the Court entered a judgment on May 21, 2013 but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the judgment.

28. Defendants admit that the Court entered a permanent injunction on May 21, 2013 but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the permanent injunction. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

29. Defendants admit that the parties to *LNC I* entered into a settlement agreement during pendency of the appeal, but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the settlement agreement. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

30. Defendants admit that LNC filed an action against Jackel International Limited and Mayborn USA, Inc. in the Eastern District of Texas on August 14, 2014 (*LNC III*) alleging breach of contract and patent infringement accusing the "Explora" line of products that is referred to internally as having a Penguin valve.

31. Defendants admit that on August 10, 2015, the court in *LNC III* dismissed LNC's breach of contract and LUTPA claims based on *res judicata*.

32. Defendants admit that the parties to *LNC III* entered into a settlement agreement to resolve the *LNC III* case, but show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the settlement agreement. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

33. Denied.

34. Admitted.

35. Defendants admit that after a hearing on October 5, 2017, Judge Ellender entered an order titled Reasons for Judgment on December 15, 2017, finding against LNC on its motion because Defendants did not violate the injunction. Defendants show that the written document is the best and only proof of its contents, and thus Defendants deny all allegations seeking to modify, characterize or explain any provision thereof or to take any part or provision out of context with the entirety of the Reasons for Judgment. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants admit that Defendants and LNC are competitors. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

54. Denied.

**Count I Breach of Contract**

55. Defendants repeat, re-allege, and incorporate by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

56. Defendants admit that LNC and Jackel International Limited were parties to the 2003 and 2008 distribution agreements, and all remaining allegations in this paragraph of the Amended Complaint are denied.

57. Denied.

58. Defendants admit that a distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2003, and that another distribution agreement between LNC and Jackel International, Ltd. was executed on April 17, 2008, but show that the written documents are the best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. The remaining allegations contained in this paragraph of the Amended Complaint are denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

**Count II Violation of Louisiana Unfair Trade Practices and Consumer Protection Law**

66. Defendants repeat, re-allege, and incorporate by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

67. Denied.

68. Admitted.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Amended Complaint, and therefore deny such allegations.

70. Defendants state that they have not breached the distribution agreements or engaged in any unfair trade practices. To the extent the allegations contained in this paragraph of the Amended Complaint seek admissions about the content of the agreements, Defendants state that the written documents are the best and only proof of their content and thus Defendants deny all allegations seeking to modify, characterize, or explain any provision thereof or to take any part or provision out of context. To the extent this paragraph alleges Defendants' accused products copy LNC's product designs in violation of any distribution agreements or trade practice laws, denied. Otherwise denied.

71. Defendants further show that the claims alleged under the Louisiana Unfair Trade Practices Act are groundless, brought in bad faith, or for purposes of harassment and this Court should award reasonable attorneys fees and costs pursuant to R.S. 51:1409(A).

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## GENERAL DENIAL

76. Except as expressly admitted herein, Defendants deny each and every allegation contained in the Amended Complaint. With respect to LNC's Request for Relief, Defendants further deny that LNC is entitled to any of the relief requested.

WHEREFORE, having fully answered LNC's Amended Complaint, Defendants respectfully request that this Court enter an order denying the relief LNC seeks, dismissing LNC's Complaint against Defendants in its entirety with prejudice, and grant Defendants any other such relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), Mayborn, upon information and belief, asserts the following affirmative defenses, both cumulatively and in the alternative, without admitting or denying that it bears the burden of proof as to any of them. Because Mayborn's investigation is ongoing and discovery has not yet been taken, Mayborn is without sufficient information regarding the existence or non-existence of other facts, acts, and/or evidence that may constitute a defense to LNC's claims. Mayborn accordingly gives notice that it may assert additional defenses as facts, acts, and/or evidence that would constitute or support additional defenses are identified.

### First Defense

77. LNC has failed to state a claim upon which relief can be granted.

### Second Defense

78. LNC's claims for damages and other remedies are barred in whole or in part under principles of equity, including prescription, estoppel, acquiescence, waiver, unclean hands, and/or additional equitable doctrines.

**Third Defense**

79. LNC is not entitled to injunctive relief because it is not likely to succeed on the merits of its claims, any alleged injury to LNC is not immediate or irreparable, LNC has an adequate remedy at law, the balance of hardships between LNC and Defendants does not warrant a remedy in equity, and the public interest would be disserved by an injunction.

**Fourth Defense**

80. LNC's claims for damages and other remedies are barred by collateral estoppel.

**Fifth Defense**

81. LNC's claims are barred by the doctrine of *res judicata* or claim preclusion, as the claims arise out of the same transaction or occurrence that were the subject matter of the prior litigation between the parties, and these claims could have been, but were not asserted in the prior litigation including but not limited to *LNC I*.

**Sixth Defense**

82. LNC's claim for breach of contract is barred by the doctrine of novation.

**Seventh Defense**

83. Defendants have performed all of their obligations under the 2003 and 2008 Distribution Agreements except as relieved by the conduct of LNC including during the prior litigation between the parties.

84. Any claim which LNC had or may have in the future relating to the 2003 and 2008 distribution agreements was waived, acquiesced, and released by the conduct of LNC and LNC is equitably estopped from asserting any claim for continuing breach of contract.

**Eighth Defense**

85. LNC's claim under the Louisiana Unfair Trade Practices Act is barred, in whole or in part, by the one-year preemptive period.

**Ninth Defense**

86. LNC's claim under the Louisiana Unfair Trade Practices Act is preempted by United States Patent Law, Copyright Law, and Trademark and Trade Dress Law.

**Tenth Defense**

87. LNC's claims are barred because Defendants have not breached the distribution agreements.

**Eleventh Defense:**

88. The purported claims for relief in the Amended Complaint are barred in whole or in part because LNC seeks attorneys' fees without any basis in agreement of the parties, statute, or any applicable, governing law or rule of court, in contravention of the American Rule to the extent LNC is seeking attorneys fees for its breach of contract claim.

**Twelfth Defense:**

89. The purported claims for relief in the Amended Complaint are barred in whole or in part by the material breach of the distribution agreements by LNC.

**Thirteenth Defense:**

90. The purported claims for relief in the Amended Complaint are barred in whole or in part because Plaintiff breached the implied covenant of good faith and fair dealing with respect to the distribution agreements.

**Fourteenth Defense:**

91. All or parts of the distribution agreements are invalid as violations of Louisiana competition law.

**COUNTERCLAIMS**

Mayborn states the following Counterclaims against the Plaintiffs:

92. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

93. This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

94. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. §§ 2201-02 and Rule 57 of the Federal Rules of Civil Procedure because an actual and justiciable controversy exists concerning the rights of and legal relations between LNC and Defendants.

95. Mayborn (UK) Limited f/k/a Jackel International Limited is a corporation organized and existing under the laws of England and having a principal place of business at Balliol Business Park, Benton Lane, Newcastle upon Tyne, United Kingdom, NE12 8EW.

96. Mayborn USA, Inc. is a corporation organized under the laws of the State of New York with a principal place of business at 1010 Washington Boulevard, 11th Floor, Stamford, Connecticut 06901.

97. Jackel China Limited is a company incorporated in Hong Kong with a principal place of business at Room 25-122, 26/F, Two Harbour Square, 180 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong.

98. Mayhorn ANZ Pty. Limited, upon information and belief, is a corporation organized under the laws of the Commonwealth of Australia with a principal place of business at U 21 15 Ricketts Road, Mount Waverly, Victoria 3149, Australia.

99. Product Marketing Mayborn Limited is a company incorporated in Hong Kong with a principal place of business at Room 25-122, 26/F, Two Harbour Square, 180 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong.

100. Mayborn Group Limited is a corporation organized under the laws of England with a principal place of business at Balliol Business Park, Benton Lane, Newcastle upon Tyne, United Kingdom, NE12 8EW.

101. Upon information and belief, Plaintiff/Counterclaim-Defendant Luv N' Care, Ltd. is a corporation organized under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 7120.

102. This Court has personal jurisdiction over LNC.

103. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338, this being a civil action arising under the laws of the United States.

104. For purposes of this case, venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

**Count I**
**Declaratory Judgment that LNC's Claims Are Barred By The Doctrines of Collateral Estoppel and Res Judicata**

105. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

106. LNC has alleged claims of Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law in Counts I and II of the Amended Complaint.

107. These claims are barred by the doctrines of collateral estoppel and *res judicata* on the basis that these claims would, or could have been, adjudicated in prior litigation, including but not limited to *LNC I.*

108. Accordingly, Mayborn seeks a Declaratory Judgment that LNC's claims for breach of contract and alleged violations of Louisiana's Unfair Trade Practices and Consumer Protection Laws (Counts I and II) are barred by the doctrines of collateral estoppel and res judicata.

**Count II**
**Declaratory Judgement that LNC's Claims Are Barred By The Doctrines of Acquiescence and Waiver**

109. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

110. LNC has alleged claims of Breach of Contract and Violation of Louisiana Unfair Trade Practices and Consumer Protection Law in Counts I and II of the Amended Complaint that are premised upon alleged breaches of the 2003 and 2008 distribution agreements.

111. LNC's claims are barred by the doctrines of acquiescence and waiver on the basis that these claims would, or could have been, adjudicated in prior litigation, including but not limited to *LNC I.*

112. LNC's knowledge of these claims but decision not to assert them constitutes implied consent by remaining a silent spectator.

113. LNC's awareness and inaction of these claims further constitutes a voluntary relinquishment or abandonment of its rights.

114. Accordingly, Mayborn seeks a Declaratory Judgment that LNC's claims for breach of contract and alleged violations of Louisiana's Unfair Trade Practices and Consumer Protection Laws (Counts I and II) are barred by the doctrines of acquiescence and waiver.

**Count III**
**Unfair Competition in Violation of The Louisiana Unfair trade Practices & Consumer Protection Law by LNC's Predatory Litigation**

115. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

116. Louisiana Revised Statute Section 51:1509 provides a private right of action to "any person who suffers any ascertainable loss . . . as a result of the use or employment by another of an unfair or deceptive method, act or practice . . . ."

117. LNC and Mayborn are business competitors in the baby products market.

118. LNC has engaged in unfair and deceptive trade practices for the purpose and with the effect of disrupting and impairing Mayborn's business dealings in the United States and globally. LNC has willfully and deliberately hidden from Mayborn their unfair and deceptive practices. For example, LNC's original lawsuit over the 2003 and 2008 distribution agreements did not accuse certain features it now accuses Mayborn of copying when those features were plainly in use during the pendency of *LNC I*, but LNC deliberately hid its allegations and deceived Mayborn into making products having those features after *LNC I* resolved to set Mayborn up for endless and ongoing litigation for breach of the same 2003 and 2008 distribution agreements. LNC's conduct over the past ten years in repeatedly suing Mayborn on the two distribution agreements shows that it intends to continue concealing its hand to lure Mayborn into developing products believed safe from LNC's vexatious claims that LNC will then lie in wait to sue again after Mayborn has invested considerable time and resources into its independent product development.

119. LNC's effort to disrupt and impair Mayborn's business dealings including through predatory and repeated litigation are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Mayborn, and are conducted willfully and with the malicious intent to harm Mayborn's business and to push Mayborn out of categories within the baby products marketplace.

120. Mayborn has suffered damages to its business as a direct result of LNC's unfair and deceptive practices.

121. LNC will continue its willful and wanton acts of unfair and deceptive practices unless enjoined by this Court.

122. Defendants are entitled to damages sustained and an award of attorneys fees and all other damages allowed under R.S. 51:1409(A).

**Count IV**
**Breach of Contract**
**and Request for Injunctive Relief**

123. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

124. To the extent LNC's allegations of breach of contract against Mayborn are valid, the 2003 and 2008 distribution agreements must then also prohibit LNC from using in any fashion Mayborn's products or product designs and the agreements then impose continuing obligations not to do so on the part of LNC.

125. Mayborn's products and product designs that were disclosed and obtained by LNC during the term of the 2003 and/or 2008 distribution agreements include, but are not limited to, the following: (a) bottle brush with nipple brush stored in the handle, (b) extra wide neck soft breast-like teat, (c) waisted bottle that tapered narrower to the bottom, (d) fitted bottle cap that fits closely to the extra wide breast-like teat, (e) soft one-way air vent valve located on the soft top of the teat

that points straight down, (f) U-shaped teether, and (g) various other formulaic combinations of the above listed product designs in products. Illustrative examples of the Mayborn products and product designs used by LNC in violation of the distribution agreements include: the Pur by Tommee Tippee bottle and teat brush, the Tommee Tippee Closer to Nature bottles and teats, and the Tommee Tippee Teethe n' Soothe Teethers.

126. The LNC Breaching Products include at least the Nuby Non-Scratch Silicone Bristle Bottle & Nipple Brush with Looped Handle, the Nuby Comfort 360 bottles, replacement nipples for the Nuby Comfort 360 bottles, the Nuby Silicone Teethe-eez Teethers, and the Gum-eez Pacifier Teethers ("the LNC Breaching Products").

127. LNC designed, marketed, manufactured, offered for sale and/or sold the LNC Breaching Products, which improperly and unfairly utilize one or more of Mayborn's products or product designs in breach of the 2003 and/or 2008 distribution agreements.

128. LNC did not obtain written permission from Mayborn to design, manufacture, market, or sell the LNC Breaching Products.

129. LNC's manufacture, offer for sale, and sale of the LNC Breaching Products, without Mayborn's written authorization, constitute independent, subsequent breaches of the 2003 and/or 2008 distribution agreements.

130. LNC has willfully and intentionally designed, utilized, or copied Mayborn's products and/or product designs.

131. LNC's breach of the 2003 and/or 2008 distribution agreements is willful, intentional, and in bad faith.

132. LNC's bad faith and intentional breach of the 2003 and/or 2008 distribution agreements entitles Mayborn to all damages, foreseeable or not, that are a direct consequence of LNC's actions.

133. The aforementioned acts by LNC have already and are currently causing damage to Mayborn and these acts will continue to do so in the future unless this Court acts to terminate and enjoin such conduct.

134. LNC's breach entitles Mayborn to injunctive relief.

**Count V**
**Unfair Competition in Violation of The Louisiana Unfair trade Practices & Consumer Protection Law by LNC's Breach of Contract**

135. Mayborn repeats, re-alleges, and incorporates by reference their responses contained in the preceding and subsequent paragraphs as though set forth fully herein.

136. In marketing and selling each one of the LNC Breaching Products, LNC has improperly and unfairly utilized one or more of Mayborn's products or product designs.

137. By unfairly utilizing one or more of Mayborn's products or product designs, LNC has willfully and intentionally violated its obligations under the 2003 and 2008 distribution agreements.

138. LNC falsely and unfairly advertises on its website that its Nuby branded "innovative products [] are inspired by nature." It falsely advertises on its website: "Our significant financial investment in research, design, innovation and intellectual property protection keeps the brand at the forefront of technology and design ensuring it is the fastest growing baby brand worldwide." In actuality, the LNC Breaching Products were born out of the innovation, product designs and ideas of Mayborn.

139. By utilizing, copying or creating colorable imitations of one or more of Mayborn's products or product designs, LNC is competing unfairly with Mayborn in the State of Louisiana, the United States, and throughout the rest of the world in express and purposeful violation of their obligation not to do so.

140. The design, use, or copying of one or more of Mayborn's products or product designs by LNC constitutes egregious unfair and deceptive practices in violation of the LUTPA.

141. LNC's design, manufacture, offer for sale and sale of the LNC Breaching Products are willful and malicious actions intentionally designed to take unfair advantage of Mayborn.

142. On information and belief, LNC has attempted to circumvent the 2003 and 2008 distribution agreements by encouraging one or more third-parties to create product designs that are copies of Mayborn's product designs while claiming the products and product designs are different when in fact they are not.

143. LNC, knowing its obligations under the 2003 and 2008 distribution agreements, has acted maliciously by encouraging one or more third-parties to utilize Mayborn's product designs to unfairly compete with Mayborn.

144. LNC and Mayborn are business competitors in the baby products market and have been competitors since at least the termination of the 2008 distribution agreement.

145. The repetitive, egregious, and unfair acts by LNC is willful and intentionally done to harm Mayborn's business and divert to itself sales that rightfully belong to Mayborn.

146. The egregious and unfair acts by LNC is ongoing and continuing as to the products continuously being sold, including but not limited to the following LNC Breaching Products: Nuby Non-Scratch Silicone Bristle Bottle & Nipple Brush with Looped Handle, the Nuby Comfort 360 bottles, replacement nipples for the Nuby Comfort 360 bottles, the Nuby Silicone Teethe-eez Teethers, and the Gum-eez Pacifier Teethers.

147. Even though the 2008 distribution agreement terminated in 2010, LNC had a continuous and ongoing duty not to utilize Mayborn's products or product designs.

148. LNC has profited by its willful and intentional acts and Mayborn has been damaged having lost substantial sums as a direct consequence of LNC's willful, unfair and malicious acts.

149. Mayborn is serving herewith a copy of this Answer and Counterclaim on the Louisiana Attorney General and requests that treble damages and attorneys' fees be awarded.

## DEMAND FOR A JURY TRIAL

Mayborn hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Mayborn prays for entry of judgment as follows:

A. Dismissing with prejudice any and all claims by LNC against Mayborn for injunctive and/or monetary relief;

B. Enter an Order enjoining LNC from making future breach of contract claims against Mayborn based on the 2003 and 2008 Distribution Agreements and also enjoining LNC from further acts of unfair and deceptive trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law;

C. Enter an Order finding LNC's manufacture, offer for sale and sale of the LNC Breaching Products constitute a bad faith breach of the 2003 and 2008 distribution agreements;

D. Enter an Order permanently enjoining LNC from selling the LNC Breaching Products;

E. Enter an Order awarding Mayborn damages for LNC's violations of the Louisiana Unfair Trade Practices and Consumer Protection Law;

F. Enter an Order awarding Mayborn its attorneys' fees in connection with LNC's violations of the Louisiana Unfair Trade Practices and Consumer Protection Law;

G. That LNC takes nothing from Mayborn;

H. Enter an Order awarding Mayborn its costs and its disbursements in this action, including its reasonable attorneys' fees; and

I. All other and further relief as the Court deems just and proper.

J.

Dated: February 8, 2021

Respectfully submitted,

*/s/ Gordon L. James*
Gordon L. James
La. Bar No. 7224
HUDSON, POTTS & BERNSTEIN, LLP
1800 Hudson Lane, Suite 300
Monroe, Louisiana 71201
Tel.: (318) 388-4400
Fax: (318) 322-4194
Email: gjames@hpblaw.com

FISH & RICHARDSON P.C.
John S. Goetz *pro hac vice*
7 Times Square, 20th Floor
New York, NY
Tel: (212) 765-5070
Fax: (212) 258-2291
Email: goetz@fr.com

FISH & RICHARDSON P.C. - Dallas
Matthew Colvin *pro hac vice*
Aaron Pirouznia *pro hac vice*
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091
Email: colvin@fr.com
Email: pirouznia@fr.com

COUNSEL FOR DEFENDANTS
MAYBORN GROUP LIMITED, MAYBORN (UK) LIMITED, MAYBORN USA, INC., JACKEL CHINA, LTD., MAYBORN ANZ PTY, LTD., AND PRODUCT MARKETING MAYBORN, LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

BY:*/s/ Gordon L. James*
Gordon L. James, La. Bar No. 7224

PLEASE SERVE:

Attorney General Jeff Landry
Louisiana Department of Justice
1885 North Third Street
Baton Rouge, Louisiana 70802