b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUV N' CARE, LTD.,<br>Plaintiff | CIVIL DOCKET NO. 3:18-CV-00534 |
| VERSUS | JUDGE DRELL |
| JACKEL INTERNATIONAL LTD.,<br>*ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court are Luv N' Care's ("LNC's") second Motion for Leave to file a Second Supplemental and Amending Complaint (mis-docketed as "Motion to Amend/Correct Amended Complaint") (ECF No. 169); Motion to Amend/Correct its second "Motion for Leave to File Second Supplemental and Amending Complaint" (ECF No. 193); and Motion for Reconsideration of Prior Ruling Denying Leave to Amend to Add Additional Products (ECF No. 193).

LNC has not provided any good reason for reconsideration. LNC's Motion for Reconsideration of Prior Ruling Denying Leave to Amend to Add Additional Products (ECF No. 193) is DENIED. Thus, LNC's second Motion for Leave to file a Second Supplemental and Amending Complaint (mis-docketed by LNC as "Motion to Amend/Correct Amended Complaint") (ECF No. 169) is DENIED as futile. LNC's Motion to Amend/Correct its second "Motion for Leave to File Second Supplemental and Amending Complaint" (ECF No. 193) is also DENIED.

I.      Background

LNC's original complaint was filed on March 23, 2018 in a state court. ECF No. 1. Defendants removed. ECF No.1. LNC's First Amending Complaint was filed March 14, 2019, with leave of Court.[1] ECF Nos. 77, 78. That amendment changed some of the product claims made by LNC, but involved the same four products set forth in the original complaint. ECF No. 76. LNC filed a Motion for Leave to File a Second Supplemental and Amending Complaint to add eight additional products to the lawsuit. ECF No. 89. That Motion was denied as untimely, unfair, and prejudicial to Defendants. ECF No. 102, 110. LNC then filed a state court petition to assert its claims against Defendants as to the eight additional products. ECF No. 169 at 2.

Defendants answered the original and amended federal Complaints and asserted a counterclaim (ECF No. 168) that LNC answered (ECF No. 185).

LNC then filed a second Motion for Leave to File Second Supplemental and Amending Complaint, which it docketed as a "Motion to Amend/Correct Amended Complaint." ECF No. 169. LNC seeks to have Defendants and non-parties held liable for the actions of non-parties under the single business enterprise theory of liability. Jackal opposes that Motion. ECF No. 174.

LNC then filed a "Motion for Leave to Supplement its Motion for Leave to File Second Amended Complaint," as well as a "Motion for Reconsideration of Prior Ruling

---

[1] LNC initially attempted to file the First Amended Complaint without leave of Court, in violation of Fed. R. Civ. P. 15(a)(2). (Doc. 37).

Denying Leave to Amend to Add Additional Products." ECF Nos. 193, 201. Jackal opposes those Motions as well. ECF No. 198.

II. Law and Analysis

    A. LNC's second Motion to Amend/Correct Amended Complaint (ECF No. 169) is denied.

LNC mis-docketed its motion as a "Motion to Amend/Correct Amended Complaint," while the actual title (and nature) of the motion is "Motion for Leave to file a Second Supplemental and Amending Complaint." ECF No. 169. LNC previously filed a "Motion for Leave to file a Second Supplemental and Amending Complaint" (ECF No. 89), on essentially the same grounds. That prior motion was denied (ECF No. 102, 110).

In its second "Motion for Leave to file a Second Supplemental and Amending Complaint," LNC alleges new theories for breach of contract, and a theory of alter-ego or single business enterprise liability of Defendants for specified non-parties.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)).

However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants.

3

*See* Fed. R. Civ. P. Rule 20. In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)).

It is within the district court's discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted. *See id.* at 873. Therefore, the issue is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the proposed amended complaint states any valid claim for relief. *See id.* at 873.

As pointed out by Defendants, LNC attempts to change the breach of contract allegations to breach of "formulae, ideas, concepts, products, product designs, marketing procedures and/or packaging methods." However, LNC's allegations are similar to its allegation in its previous "Motion for Leave to file a Second Supplemental and Amending Complaint," albeit broader. As already pointed out, the previous Motion to Amend to add new products was denied.

LNC further seeks to add allegations to hold the Jackel Defendants liable for the actions of newer corporate owners and affiliates, Shanghai Jahwah and Shanghai Jahwa Sales, as well as Mayborn France Sarl ("Mayborn France") and Mayborn Italy

Srl ("Mayborn Italy"), under "additional theories of liability" such as the alter ego theory or single business enterprise theory.[2]

LNC does not seek to add Shanghai Jahwah, Shanghi Jahwa Sales, Mayborn France, or Mayborn Italy as Defendants. However, LNC seeks to amend its Complaint so that it may be granted "a judgment in its favor and against the defendants" that:

(1) holds the Jackel parties (including Mayborn France and Mayborn Italy) operate as a single business enterprise;

(2) holds Shanghai Jahwah and Shanghai Jahwa Sales operate as a single business enterprise with one or more [unnamed] subsidiaries or affiliates within the Jackel Parties;

(3) holds the Jackel Parties, Shanghai Jahwah, and Shanghai Jahwa Sales have breached the 2003 and 2008 Distribution Agreement and violated the Louisiana Unfair Trade Practices and Consumer Protection Law;

(4) orders that the Jackel Parties, Shanghai Jahwah, and Shanghai Jahwa Sales are liable to LNC for royalties and must provide an accounting of all such sales and pay a perpetual royalty on sales of the Breaching Products;

(5) grants LNC injunctive relief against the Jackel Parties, Shanghai Jahwah, and Shanghai Jahwa Sales;

(6) awards LNC damages and attorney fees against the Jackel Parties, Shanghai Jahwah, and Shanghai Jahwa Sales; and

---

[2] Under Louisiana law, the corporate veil should always be pierced whenever the separate entity theory leads to an absurdity or whenever persons involved in a corporation seek to use the legal fiction to immunize themselves from the consequences of their fraud or illegality. *See Houston Oil Field Material Company v. Stuard,* 406 F.2d 1052, 1054 (5th Cir. 1969); *Haynes v. Champagne Title Corp.,* 228 F. Supp. 157 (E.D. La. 1964). "The principle that where there is a near identity between two corporations their separate existences can be disregarded in order to prevent injustice to a third party seems to be recognized by nearly all states." *See Houston Oil Field Material Co.,* 406 F.2d at 1054, n. 1.

(7) holds all defendants liable *in solido* for all damages and attorney fees awarded.

LNC is apparently attempting to avoid adding foreign defendants yet still seeks judgment against them as if they were subject to the jurisdiction of the Court, by asking the Court to find Mayborn France, Mayborn Italy, Shanghai Jahwah, and Shanghai Jahwa Sales are a "single business enterprise" with the Jackal Defendants.

"It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 468 (5th Cir. 2002) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) ("The parties stipulated that for the purposes of this litigation Hazeltine Research, Inc. and its parent, Hazeltine Corporation, would be considered as one entity operating as a patent holding and licensing company, engaged in the exploitation of patent rights in the electronics industry in the United States and in foreign countries. The Court of Appeals was quite right in vacating the judgments against Hazeltine. It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").[3] "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless

---

[3] *See also Hansberry v. Lee*, 311 U.S. 32, 40 (1940); *Southern Capitol Enterprises, Inc. v. Conseco Services, L.L.C.,* 476 F. Supp. 2d 589, 599 (M.D. La.2007) ("What is critical to keep in mind is that the fact that Conseco Senior is a non-party only affects Conseco Senior—namely that no judgment shall be entered against it. Entering a judgment against Conseco Senior would be repugnant to our notion of due process.").

6

it has jurisdiction over the person of the defendant." *Zenith Radio Corp.,* 395 U.S. at 110.

Because LNC does not seek to add Mayborn France, Mayborn Italy, Shanghai Jahwah, and Shanghai Jahwa Sales as Defendants, yet seeks judgments against them in its second Amended Complaint, LNC's second Motion to Amend (ECF No. 169) is DENIED as futile.

### B. LNC's Motion for Leave to Supplement its Motion for Leave to File Second Amended Complaint should be denied.

LNC contends it has "uncovered additional important details regarding the Chinese conglomerate that acquired the Jackel Defendant." ECF No. 193-1 at 3. Specifically, LNC contends it "recently uncovered" a document written in Chinese in June 2017, that was distributed to the shareholders of Shanghai Jahwa, which outlines its plan to "completely control and integrate Mayborn Group and its subsidiaries into its Chinese conglomerate and purposefully expand its marketing and distribution of Tommee Tippee products to the express detriment of its competitors." LNC further contends that Shanghai Jahwa, Shanghai Jahwa Sales, Mayborn Italy, and Mayborn France operate as a single business enterprise with or are the alter ego of one of more of the Jackel Defendants, and thus may be liable to LNC for royalties.

As discussed above, Shanghai Jahwa, Shanghai Jahwa Sales, Mayborn Italy, and Mayborn France are not parties to this action. The Court does not have *in personam* jurisdiction to impose orders and judgments on them.

7

Because LNC's second "Motion for Leave to File Second Supplemental and Amending Complaint" (ECF No. 169) is denied, LNC's Motion to Amend/Correct that motion (ECF No. 193) is likewise denied.

### C. LNC's Motion for Reconsideration (ECF No. 193) is also denied.

LNC filed a "Motion for Reconsideration of Prior Ruling Denying Leave to Amend to Add Additional Products." ECF No. 193.

LNC filed a Motion for Leave to File a Second Amended Complaint, ECF No. 89, that was denied as untimely and prejudicial. ECF No. 102. That decision was appealed to the District Judge. ECF No. 104. The District Judge denied the appeal in March 2020, finding no manifest error. ECF No. 110. LNC is apparently asking for reconsideration of the District Judge's ruling.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. *See Miller Pharmacy Services, L.L.C. v. AmerisourceBergen Drug Corp.*, 2021 WL 2627452, at *3 (W.D. La. 2021). Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rules 59 and 60 apply only to final judgments. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. Rule 54(b) provides that any order "that adjudicates fewer than all the claims ... [among] all the parties ... may be revised at any time before the entry of a [final] judgment." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3.

"Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

8

sufficient." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013). "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 n. 14 (U.S. 1983)).

Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (citing *HBM Interests, L.L.C. v. Chesapeake Louisiana, L.P.*, 2013 WL 3893989, *1 (W.D. La. 2013)).

Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *HBM Interests*, 2013 WL 3893989 at *1). And the Court finds none of these factors present.

"When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *See Ganpat v. Easter Pacific Shipping, PTE,*

9

*Ltd.,* 2020 WL 1046336, at *2 (E.D. La. 2020) (citing *Livingston Downs Racing Association, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). A motion for reconsideration "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *See Ganpat,* 2020 WL 1046336, at *2 (quoting *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004), cert. den., 543 U.S. 976 (2004)); *see also HBM Interests, L.L.C.,* 2013 WL 3893989 at *1.

LNC attached the Shanghai Jahwa document to its Motion to Amend as "new evidence." ECF No. 193. Considering it in conjunction with the also-attached Motion for Reconsideration, the Court notes that LNC has neither alleged nor shown that the 2017 Shanghai Jahwa document was unavailable before now, nor has it alleged or shown how long it has had or known of that document. LNC alleges there may be "other irrelevant but presently [unavailable] evidence also being modified or changed by the Chinese conglomerate to avoid having to pay royalties and other damages to LNC." ECF No. 193-1 at 4.

Speculative allegations do not constitute "new evidence" that supports a Motion for Reconsideration. Moreover, as already discussed, the document is not relevant to the issue of whether LNC should be permitted to add new products to its current lawsuit for breach of contract and unfair trade practices. Nor has LNC demonstrated an intervening change in controlling law that merits reconsideration of the prior ruling, or shown that the prior ruling represents a manifest injustice.

Accordingly, LNC's Motion for Reconsideration of Prior Ruling Denying Leave to Amend to Add Additional Products (ECF No. 193) is DENIED.

### III. Conclusion

LNC's second Motion for Leave to File Second Supplemental and Amending Complaint (ECF No. 169) (mis-docketed by LNC as a Motion to Amend/Correct Amended Complaint) is DENIED.

LNC's Motion for Leave to Supplement its pending Motion for Leave to File Second Amended Complaint (ECF No. 193) is DENIED.

LNC's Motion for Reconsideration of Prior Ruling Denying Leave to Amend to Add Additional Products (ECF No. 193) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __23rd__ day of September 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE